IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CAMI JO TICE-HAROUFF**, on behalf of herself and her patients,<br><br>*Plaintiff*,<br><br>v.<br><br>**CAROLE JOHNSON**, et al.,<br><br>*Defendants*. | Civil Case No. 6:22-cv-00201-JDK |

**[PROPOSED] TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND
POSTPONEMENT OF EFFECTIVE DATE**

On May 27, 2022, Plaintiff Cami Jo Tice-Harouff, on behalf of herself and her patients, moved for relief from the federal government's deletion of language requiring coverage of instruction in fertility awareness-based methods of family planning from the Women's Preventive Services Guidelines issued by Defendants in December 2021. These guidelines are found at 87 Fed. Reg. 1,763 (Jan. 12, 2022), https://www.hrsa.gov/womens-guidelines/index.html, and Exhibit A of the Complaint (ECF No. 1) ("the 2021 Guidelines").

Dr. Tice-Harouff seeks a temporary restraining order and a preliminary injunction delaying the effective date of the deletion of this language and enjoining Defendants from applying such deletion without first undergoing notice and comment rulemaking consistent with the APA.

The Court, having considered Dr. Tice-Harouff's Motion, the briefing and arguments of the parties, and for good cause shown, finds as follows:

1) Dr. Tice-Harouff has shown a likelihood of success on the merits of her claims that removal of the language in question was without procedure required by law and arbitrary, capricious and an abuse of discretion, under the Administrative Procedure Act;

1

2) Dr. Tice-Harouff has shown a substantial threat that she and her present and future patients will suffer irreparable harm without an injunction;

3) Dr. Tice-Harouff has shown that the injunction will not harm the Defendants, and that the threatened injury outweighs any damage that the injunction might cause to the Defendants;

4) Dr. Tice-Harouff has shown that that the injunction will serve, and not disserve, the public interest; and

5) Granting the relief requested by Dr. Tice-Harouff under 5 U.S.C. § 705 is appropriate to postpone the effective date of the agency action, preserve the status quo, and preserve rights pending conclusion of the review proceedings.

Accordingly,

**IT IS ORDERED** that the effective date of Defendants' deletion of the following sentence from the 2021 Guidelines is **DELAYED** from December 30, 2022, to December 30, 2024, and as a consequence this sentence remains at the conclusion of the "Contraception" section of those guidelines:

> Additionally, instruction in fertility awareness-based methods, including the lactation amenorrhea method, although less effective, should be provided for women desiring an alternative method.

**IT IS FURTHER ORDERED** that the Court enjoins Defendants, their officials, agents, employees, and all persons in active concert or participation with them, including their successors in office, from using or applying the 2021 Guidelines to delete the above language, thereby maintaining that current language unless and until it is changed through a final rule (not an interim final rule) issued after notice to the public and an opportunity to comment consistent with the Administrative Procedure Act.