# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CAMI JO TICE-HAROUFF**, on behalf of herself and her patients, *Plaintiff*, <br><br> v. <br><br> **CAROLE JOHNSON**, et al., *Defendants*. | No. 6:22-cv-00201-JDK |

## RESPONSE TO NOTICE

The government has submitted a notice [ECF No. 26] showing that it edited its website and posted "FAQS" about fertility awareness instruction under its women's preventive services Guidelines. The notice states that HRSA posted a website footnote saying "[e]ducation and counseling includes . . . fertility-based [sic][1] awareness methods," ECF No. 26-1, Exh. A at 9, and that HHS posted FAQS stating the Guidelines "include[] instruction in fertility awareness-based methods," ECF No. 26-2, Exh. B at 2.

This notice demonstrates even more that the Court should grant Dr. Tice-Harouff's injunction motion, for four reasons.

## I.   The notice is an admission against interest.

The government's notice implicitly concedes that its change to the 2021 Guidelines caused confusion and required formal clarification lest insurers deny women the coverage they need. The problem for the government is that the APA required this explanation to be issued in December, with the mandate. Issuing it now highlights the error but does not fix it, because it does not change the Guidelines.

---

[1] The methods are "fertility awareness-based methods," not "fertility-based" awareness methods, which is not a commonly recognized term.

1

In pages of the FAQS that the government did not include in its exhibit, the government admits why it needed to issue the FAQS: "individuals continue to experience difficulty accessing contraceptive coverage without cost sharing," and the government needs "to clarify application of the contraceptive coverage requirements to fertility awareness-based methods." Exh. 1 at 4.[2]  This explanation confirms the injury that the 2021 Guidelines caused to Dr. Tice-Harouff and her patients: the 2021 Guidelines deleted a clear guarantee of coverage that had no explanation and no response to objections, leaving something unclear at best; and the resulting Guidelines will cause women to experience trouble getting cost-free coverage.

But the notice does not negate this injury. The APA required the government to provide these explanations *in December* when the final binding mandate was issued. "[A]n agency must cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Explanations cannot be submitted after the fact. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909 (2020). Even if the 2021 Guidelines' deletion of this sentence only created a serious lack of clarity, that change would still require notice-and-comment, an explanation, and responses to objections. But deleting the sentence did not merely create confusion, it created a gap in coverage.

The APA does not let the agency fix its error by simply posting things on its website. The APA requires this Court use another method: "hold unlawful and set aside agency action . . . found to be . . . without observance of procedure required by law." 5 U.S.C. § 706.  The 2021 Guidelines failed to offer an explanation that the government now admits is necessary, and failed to respond to comments that, if responded to at the time, would have prevented the problem. The APA also prescribes the method for preliminarily fixing this problem: a court order that "postpone[s] the effective date of"

---

[2] CCIIO, FAQS About Affordable Care Act Implementation Part 54, available at https://www.cms.gov/files/document/faqs-part-54.pdf.

the deletion of the fertility awareness sentence from the Guidelines in order "to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

This notice also shows that the government has no equitable argument against putting the fertility awareness sentence back into the Guidelines. If the government really wants the Guidelines to include these services, there is no reason not to grant the motion, other than that the agency resists complying with the APA.

## II. The notice is not properly before the Court.

The website edit and FAQS, while they can be used to show the government knows it caused a problem, cannot be used as a defense against Dr. Tice-Harouff's motion, because they are "not properly before the Court" for that purpose under *Regents*. The Supreme Court imposes a "prohibition on *post hoc* rationalizations" to defend agency actions, limits HRSA's defense of the 2021 Guidelines "to the agency's original reasons," and requires this Court to view this litigation tactic "critically." 140 S. Ct. at 1908–09. The notice cannot be used as a defense to this motion, and should be stricken for that purpose.

"Permitting agencies to invoke belated justifications . . . can upset 'the orderly functioning of the process of review,' forcing both litigants and courts to chase a moving target." *Id.* (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). None of the government's belated clarifications comply with the APA, and the government still refuses to insert the deleted sentence back into its Guidelines. Notably, the government could have done exactly that, two months ago, *without a court order*, by delaying the effective date of this deletion itself. 5 U.S.C. § 705. ("When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review.") But it has again refused to do so. This Court should not allow the government to continually move the goalposts as the Court considers this motion.

## III. The notice either is not in effect, or is not binding.

The operative statute, 42 U.S.C. § 300gg-13(b), requires that changes to the Guidelines cannot go into effect for at least a year after they are issued. Either the website

3

edit and FAQS in this notice are part of the Guidelines, or they are not. If they are, they cannot go into effect until July 2023. If they are not, they are not binding. Under § 300gg-13(a)(4), only the Guidelines are binding. The plain reading of the *unexplained* 2021 Guidelines is that HRSA deleted the coverage because it deleted the sentence. That plain reading is why the website edit and FAQS were needed in the first place. But insurers can disregard those edits if they are not the Guidelines. The only way to restore actual, *binding* clarity to the Guidelines is to undo the deletion of this sentence, using the APA.

## IV.     The notice shows the government's disregard for its APA duties.

Dr. Tice-Harouff suffered a cognizable procedural injury under the APA when she was denied the opportunity to comment on the deletion of the fertility awareness instruction sentence, which the agency failed to explain at the time, and because it failed to respond to the objections these belated notices try to cure now. But the website edit and FAQS exacerbate her procedural injury: they purport to issue binding requirements without an opportunity for the public to comment on them either. The public is entitled to comment on whether these edits modify the Guidelines, whether and how they are binding, and how soon they go into effect. The government offers no such option. By acting unilaterally again, the government is necessarily taking the position that it need not comply with the APA to modify its nationwide mandate whenever it wishes to do so. That authority would let HRSA undo the edit and the FAQS tomorrow.

Website edits and FAQS cannot restore the certainty and stability that Dr. Tice-Harouff and women around the country had before the government illegally changed the 2021 Guidelines. The only way to prevent their injury and reimpose regular order is to delay the effective date of the government's deletion of the fertility awareness sentence from the 2021 Guidelines, and to enjoin the government from any action—including more website postings—that would enforce the illegal deletion while this case is pending.

4

Respectfully submitted on this 1st day of August, 2022.

/s/ Matthew S. Bowman
MATTHEW S. BOWMAN*
DC Bar No. 993261
RYAN L. BANGERT
TX Bar No. 24045446
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org
rbangert@ADFlegal.org
*Lead Attorney

Counsel for Plaintiff Cami Jo Tice-Harouff

## CERTIFICATE OF SERVICE

I certify that this document was electronically filed on August 1, 2022, which provided service to Defendants through the Court's CM/ECF system.

> */s/ Matthew S. Bowman*
> MATTHEW S. BOWMAN