IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CAMI JO TICE-HAROUFF, *Plaintiff* v. CAROLE JOHNSON, *et al.*, *Defendants.* | Case No. 6:22-cv-00201-JDK |

**REPLY TO PLAINTIFF'S RESPONSE TO NOTICE**

Defendants filed their Notice (ECF No. 26) to inform the Court that the Health Resources & Services Administration (HRSA) and the Center for Consumer Information and Insurance Oversight (CCIIO) had recently issued public clarifications regarding the meaning of the 2021 HRSA- supported Women's Preventive Services Guidelines for Contraception ("2021 Guidelines").  Specifically, the Defendants notified this Court that HRSA included in the 2021 Guidelines a footnote stating that "Education and counseling includes all methods of contraception, including but not limited to, hormonal, devices, surgical, barrier, and fertility-based awareness methods, including lactation amenorrhea."  https://www.hrsa.gov/womens-guidelines/index.html.  Further, CCIIO added to the "FAQS About Affordable Care Act Implementation Part 54" published on its website a new question and answer addressing no cost coverage for fertility awareness-based methods ("FABM"):

> **Q4: The currently applicable 2019 HRSA-Supported Guidelines recommend instruction in fertility awareness-based methods including the lactation amenorrhea method for women desiring an alternative method.  Under the 2021 HRSA-Supported Guidelines, are plans and issuers required to continue to provide coverage for instruction in [FABM] without cost sharing?**
>
> Yes.  The 2021 HRSA-Supported Guidelines include "screening, education, counseling, and provision of contraceptives (including in the immediate postpartum period)."  Counseling

1

and education under the 2021 HRSA-Supported Guidelines includes instruction in [FABM], including lactation amenorrhea.

https://www.cms.gov/files/document/faqs-part-54.pdf. (footnote omitted).  While the Notice was not intended to be advocative, in her Response, Plaintiff has made several misrepresentations and raised arguments that require the Defendants' response.

The new footnote to the 2021 Guidelines and the new question and answer in the CCIIO's FAQs are consistent with the United States' position in this litigation: the 2021 Guidelines do not alter the continuing obligation of health insurers to provide no-cost coverage for FABM.  These statements do not constitute admissions against interest.  An admission or statement against interest is an evidentiary hearsay exception that allows for the admissibility of statements made by an out-of-court declarant.  Fed. R. Evid. 804(b)(3).  The rule presumes that such statements are trustworthy when they are "so contrary to the declarant's proprietary and pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil . . . liability." *Id.*  Plaintiff does not and cannot make this showing.  Instead, Plaintiff weaves misrepresentations of the text and illusory implied concessions to craft a strawman argument that the United States has admitted that it has caused an injury to Defendant.

Plaintiff focuses on language in the noticed "FAQs About Affordable Care Act Implementation Part 54" explaining why the Frequently Asked Questions (prepared jointly by the Departments of Labor, Health and Human Services, and the Treasury) were issued and misrepresents the language.  The language at issue in its entirety is here:

> The Departments are issuing the following FAQs in response to reports that individuals continue to experience difficulty accessing contraceptive coverage without cost sharing; to clarify application of the contraceptive coverage requirements to fertility awareness-based methods and to emergency contraceptives; and to address federal preemption of state law.  The Departments are committed to ensuring consumers have access to the contraceptive benefits, without cost sharing, that they are entitled to under the law, and will take enforcement action as warranted. Violations

> may be subject to an excise tax under section 4980D of the Internal Revenue Code (Code) or a civil money penalty under section 2723 of the PHS Act, as applicable.

Ex. 1, 4. Def.'s Resp. Plaintiff misreads this and speculatively claims that the United States admits it "needed" to issue the FAQs to cure Plaintiff's alleged injury. Relevant to FABM, the language states that the Departments issued the FAQ to clarify application of the contraceptive coverage requirements to FABM and to emergency contraceptives. This is consistent with the United States' position throughout this litigation that FABM is included in the 2021 Guidelines as part of contraceptive counseling and education. Plaintiff's interpretation that the referenced reports of individuals experiencing difficulty accessing contraceptive coverage is related to Plaintiff's allegations is wrong. As explained in a press release announcing the FAQ, the public clarification "is part of a comprehensive effort by the Biden-Harris Administration to protect women's access to reproductive health care, while reproductive rights are under assault in many states across the country." Press Release, HHS Press Office, HHS, DOL, and Treasury Issue Guidance Regarding Birth Control Coverage (July 28, 2022) (available at https://www.hhs.gov/about/news/2022/07/28/hhs-dol-treasury-issue-guidance-regarding-birth-control-coverage.html).

The noticed footnote and FAQ are not *post hoc* rationalizations. In her Response, Plaintiff mischaracterizes the footnote and FAQ as belated justifications. In doing so, Plaintiff is conflating justification and clarification, just as Plaintiff has conflated removing language from the Guidelines with removing coverage. The footnote and FAQ clarify that the 2021 Guidelines do not amount to a change related to fertility awareness-based method coverage. Defendants reject Plaintiff's assertion that fertility-awareness based method coverage has been rescinded. For this reason, the cases that Plaintiff cites are inapposite. For example, in *Motor Vehicle Manufacturers Association of United States, Inc.*, 463 U.S. 29 (1983), at issue was NHTSA's recission of a mandatory passive-restraint rule; and in *Regents of the University of California*, at issue was DHS's recission of the Deferred Action for Childhood Arrivals, *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020). Neither agency denied

taking substantive action, nor do these opinions stand for the proposition that an agency need justify why it used specific language or preemptively rule out all possible interpretations of its chosen language. In fact, contrary to Plaintiff's arguments, in *Regents*, the Court held that an agency can defend against a charge that it has taken arbitrary and capricious action by providing "a fuller explanation of the agency's reasoning *at the time of the action*" after agency action so long as it does not provide new justifications. 140 S. Ct. at 1907 (emphasis in original). Plaintiff improperly attempts to shift the standard to forcing Defendants to explain why it chose its language rather than whether it took agency action.

Further, Plaintiff's argument that the Notice is not properly before the Court is without merit and contradicts Plaintiff's own arguments about the Notice serving as an admission against interest. The Court is free to take judicial notice of these public clarifications under Federal Rule of Evidence 201. And these public clarifications are especially relevant in this matter because Plaintiff's claims rest on speculative harm regarding the speculative interpretation of the 2021 Guidelines by third parties. Plaintiff asks this Court to accept unsupported and unfounded allegations that insurers will deny coverage for FABM based on a comparative reading of the 2021 Guidelines and previously issued guidelines. If the Court is inclined to consider this speculative interpretation of the 2021 Guidelines, it is reasonable for the Court to take notice of the public clarifications regarding their meaning.

                                              Respectfully submitted,

                                              BRIT FEATHERSTON
                                              United States Attorney

                                              */s/ James Gillingham*
                                              JAMES GILLINGHAM
                                              Assistant U.S. Attorney
                                              Eastern District of Texas
                                              110 N. College Street; Suite 700
                                              Tyler, Texas 75702
                                              E-mail: James.Gillingham@usdoj.gov
                                              Phone: (903) 590-1400
                                              Fax: (903) 590-1436

        Texas State Bar # 24065295

        ADRIAN GARCIA
        Assistant U.S. Attorney
        Eastern District of Texas
        101 E. Park Blvd.; Suite 500
        Plano, Texas 75074
        E-mail: Adrian.Garcia@usdoj.gov
        Phone: (972) 509-1201
        Fax: (972) 509-1209
        Texas State Bar # 24084522

        SEAN C. DAY
        Special Assistant United States Attorney
        Eastern District of Texas
        101 E. Park Blvd., Suite 500
        E-mail: Sean.Day3@usdoj.gov
        Plano, Texas 75074
        Phone: (202) 934-4060
        Fax: (972) 590-1209
        D.C. Bar # 502363

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of August 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

        */s/ James Gillingham*
        JAMES GILLINGHAM