IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CAMI JO TICE-HAROUFF,   §<br>   §<br>   Plaintiff,   §<br>   §<br>v.   §<br>   §<br>CAROLE JOHNSON, et al.,   §<br>   §<br>   Defendants.   §<br>   § | Case No. 6:22-cv-201-JDK |

**ORDER GRANTING MOTION FOR FEES AND
COSTS UNDER 28 U.S.C. § 2412**

Plaintiff Dr. Cami Jo Tice-Harouff is a family nurse practitioner who instructs patients in fertility awareness-based methods ("FABM") of family planning. The Court previously granted Dr. Tice-Harouff's motion for a preliminary injunction and enjoined Defendants from removing a requirement to provide insurance coverage for FABM instruction. Docket No. 29. The parties thereafter filed a joint stipulated final order and settlement of claims, Docket No. 37, and the Court entered final judgment, Docket No. 39. Now, Dr. Tice-Harouff moves for an award of costs and attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Docket No. 40.

For the reasons discussed below, the Court **GRANTS-in-part** Dr. Tice-Harouff's motion (Docket No. 40).

## I. BACKGROUND

The Court begins with a summary of the underlying litigation, which is relevant to the pending motion.

In 2010, Congress enacted the Patient Protection and Affordable Care Act, mandating that health insurance providers cover certain services as part of a qualified health plan. *See* Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 2713, 124 Stat. 119, 131–32 (2010). The ACA does not specify the preventive health services subject to the requirement, but rather delegates that determination to the Health Resources and Services Administration ("HRSA"). Section 300gg-13(a)(4) provides that, "with respect to women," insurers must cover the entire cost of "such additional preventive care and screenings . . . as provided for in comprehensive guidelines supported by [HRSA]." 42 U.S.C. § 300gg-13(a)(4). In 2011, HRSA issued its first set of guidelines, which mandated coverage for several contraceptive methods approved by the Food and Drug Administration.

In March 2016, HRSA issued new guidelines. The 2016 Guidelines, like the 2011 Guidelines, mandated cost-free coverage for FDA-approved contraceptive methods. The 2016 Guidelines, however, also specifically required cost-free coverage of "instruction in [FABM counseling], including the lactation amenorrhea method . . . ." *See* Docket No. 1, Ex. A at 3–4. FABM counseling, also known as "natural family planning," helps women avoid or achieve pregnancy in many situations, including without using medical contraceptives. *See* Docket No. 1 ¶¶ 48–51, 58.

In December 2021, HRSA issued its 2021 Guidelines. The 2021 Guidelines did not include the sentence mandating coverage for FABM counseling that appeared in the 2016 iteration. Docket No. 1, Ex. A at 3–4.

Dr. Tice-Harouff filed this suit on May 25, 2022, challenging the deletion of the final sentence from the 2016 Guidelines under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq*. Docket No. 1. She argued that Defendants failed to provide notice and comment, as required by the APA, when adopting the 2021 Guidelines. Dr. Tice-Harouff also argued that Defendants' adoption of the 2021 Guidelines was arbitrary and capricious. She later moved for a temporary restraining order and preliminary injunction, which the Court granted. Docket No. 29. Dr. Tice-Harouff now seeks an award of fees, expenses, and costs under the EAJA. Docket No. 40.

## II. EAJA

Under the traditional "American Rule," litigants are responsible for their own attorneys' fees and expenses. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019). The EAJA, however, provides a limited exception, stating in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Fifth Circuit has explained that the EAJA is a "partial waiver of sovereign immunity" and must be "strictly construed in favor of the United

States." *W.M.V.C.*, 926 F.3d at 208 (quoting *Ardestani v. INS*, 502 U.S. 129, 137 (1991)).

Citing the EAJA, Dr. Tice-Harouff seeks the recovery of fees, expenses, and costs in this lawsuit. Docket No. 40 at 1. The Court addresses each in turn.

### A. Fees

Dr. Tice-Harouff is entitled to fees for her attorneys and paralegals if (1) she is the "prevailing party," (2) the Defendants' position was not "substantially justified," and (3) no other special circumstances make an award of fees unjust. *Sims v. Apfel*, 238 F.3d 597, 599–600 (5th Cir. 2001) (per curiam). Defendants concede that Dr. Tice-Harouff is the prevailing party, Docket No. 48 at 1 & n.1, and do not argue that any special circumstance precludes an award of fees. Defendants argue only that Dr. Tice-Harouff is not entitled to fees because Defendants' position in this litigation was "substantially justified." *Id.* at 7–11. Defendants also argue the amount of Dr. Tice-Harouff's requested fees is unreasonable. *Id.* at 11–18. In her reply, Dr. Tice-Harouff additionally requests fees incurred in defending her fee motion. Docket No. 50 at 1.

#### 1. Substantial Justification

Defendants bear the burden of proving their position was substantially justified. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). "Substantially justified" does not mean "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Although this standard is not overly stringent, the government must do more than show it is merely undeserving of sanctions for frivolousness." *W.M.V.C.*, 926 F.3d at 208 (cleaned up). Defendants,

4

moreover, must show "that [their] position in every stage of the proceedings . . . had a reasonable basis both in law and fact." *W.M.V.C.*, 926 F.3d at 208; *see also Pierce*, 487 U.S. at 565 (approving the "reasonable basis both in law and fact" formulation). "The mere fact that the government lost—even if the reviewing court held it acted unreasonably or arbitrary and capriciously—does not alone demonstrate that its position was not substantially justified." *W.M.V.C.*, 926 F.3d at 208 (quoting *Sylejmani v. Barr*, 768 F. App'x 212, 212 (5th Cir. 2019)). In determining whether Defendants' position was substantially justified, the Court must evaluate the position "under the totality of the circumstances." *Id.* at 210.

Defendants contend they were substantially justified in arguing that the 2021 Guidelines did not remove coverage for FABM counseling—despite deleting the sentence requiring coverage—because the Guidelines cover "contraceptive care," including "education, [and] counseling." Docket No. 48 at 8. In its Order, the Court described this argument as "specious." Docket No. 29 at 13. The Court now finds that it was not substantially justified. "When language is removed from a statute or rule, courts presume that the omission changed the text's meaning." *Id.* at 13–14 (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 256 (2012); *Peavy v. WFAA-TV*, 221 F.3d 158, 168–69 (5th Cir. 2000)). Indeed, cases are legion explaining that courts presume lawmakers act "intentionally and purposely" when they delete or amend language. *See, e.g.*, *Peavy*, 221 F.3d at 169; *cf. Hill v. Gould*, 555 F.3d 1003, 1007 (D.C. Cir. 2009) (affirming finding of substantial justification because position "was not flatly at odds with the controlling case law").

5

Defendants' own affidavit, moreover, undercut their argument that contraceptive coverage for "education, [and] counseling" included coverage for FABM counseling. In that affidavit, an HRSA representative admitted that no one interpreted the 2011 Guidelines, which included nearly identical language, to cover FABM counseling. *See* Docket No. 20, Ex. A ¶ 3 (explaining FABM instruction coverage was required "beginning in 2016"). And, as the Court explained, Defendants' interpretation rendered superfluous two of the three paragraphs in the 2021 Guidelines. *Id.* at 15; *see Bennett v. Castro*, 74 F. Supp. 3d 382, 394 (D.D.C. 2014) (finding defendant agency was not substantially justified where its argument "render[ed] the second sentence of subsection (j) mere surplusage"). Finally, Defendants cited no support for the proposition that deleting a key regulatory requirement, like the requirement for coverage of FABM counseling, has no regulatory effect. *See* Docket No. 20 at 5–6.

Defendants cannot claim ignorance either. At least one group, the Catholic Medical Association, submitted a comment to HRSA before it issued the 2021 Guidelines expressing concern over the deletion of the sentence requiring FABM coverage. Docket No. 29 at 21. Defendants failed to respond to this comment, or otherwise explain the deletion. *Id.*; *Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 698 F. Supp. 2d 168, 177 (D.D.C. 2010) (finding agency was not substantially justified where it failed to respond to plaintiffs' comments). In sum, the "absence of support for the [Defendants' position] in this case is at once an absence of justification for [their] position." *Baker v. Bowen*, 839 F.2d

6

1075, 1081 (5th Cir. 1988); *see also Coastal Conservation Ass'n v. Gutierrez*, 2008 WL 4450313, at *3 (S.D. Tex. Sept. 30, 2008) (finding the agency defendants were not substantially justified where they offered no support for their position); *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 593 (D.C. Cir. 1996) ("[W]e conclude that the agency's position was not substantially justified because it was wholly unsupported by the text, legislative history, and underlying policy of the governing statute.").

Defendants argue this case presented a "novel question on which there is little precedent," which weighs against an EAJA award. Docket No. 48 at 9 (citing *Bland v. Comm'r of Soc. Sec.*, 2021 WL 9315344, at *3 (E.D. Tex. Sept. 28, 2021)). They claim this case is the "only challenge of its kind to the requirement of FABM counseling in the 2021 Guidelines." *Id.* But this case, which hinged on a straightforward statutory analysis of the deletion of one sentence, is not "novel." *Cf. Sylejmani v. Barr*, 768 F. App'x 212, 219 (5th Cir. 2019) (rejecting request for EAJA award in a "novel and difficult" case in which the Fifth Circuit set "out a new standard in this circuit" for equitable tolling); *Griffon v. U.S. Dep't of Health & Hum. Servs.*, 832 F.2d 51, 52 (5th Cir. 1987) (same where the "case was one of first impression" involving whether "administrative action retroactively appl[ied] the procedural aspects of a statute").

The Court thus finds that Defendants were not substantially justified in "every stage of the proceedings," and Dr. Tice-Harouff is eligible to recover fees. *W.M.V.C.*, 926 F.3d at 208.

### 2. Amount of Fees

Having found that an EAJA award is appropriate, the Court turns to the amount. Dr. Tice-Harouff initially requested $162,844.00 in attorneys' fees and $8,398.00 in paralegal fees. Docket No. 40, Ex. 7. Because Defendants opposed her request, she also seeks fees for defending the fee motion. Docket No. 50 at 1; Docket No. 50, Ex. 6. In sum, Dr. Tice-Harouff seeks $204,373.10 in attorneys' and paralegal fees.

"The plaintiff bears the burden of proving the reasonableness of both the hourly rate and the number of hours." *William T. v. Comm'r of Soc. Sec.*, 2021 WL 8998994, at *1 (N.D. Tex. June 2, 2021). The EAJA caps the amount of fees, providing that the rate shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Dr. Tice-Harouff requests an increase based on **(a)** "the cost of living" and **(b)** "the limited availability of qualified attorneys for the proceedings involved." Docket No. 40 at 11. Defendants object to both grounds and also challenge **(c)** the amount of fees for attorney travel. Finally, the Court addresses **(d)** Dr. Tice-Harouff's request for paralegal fees.

**(a) Cost of living.** Defendants concede that a cost-of-living increase is appropriate here. Docket No. 48 at 6–7. Indeed, courts in the Fifth Circuit invariably increase the statutorily capped fees based on the Consumer Price Index ("CPI"). *See, e.g.*, *Nkenglefac v. Garland*, 64 F.4th 251, 254 (5th Cir. 2023). Defendants suggest that the Court calculate the appropriate fee rate using the Dallas–Fort Worth–

Arlington, Texas "all urban consumers" CPI.[1]  Dr. Tice-Harouff does not oppose the use of this CPI to calculate inflation-adjusted fees.  Docket No. 50 at 4.  This CPI yields a cost-of-living-adjusted fee of $230.05 per hour.[2]

**(b) Special factor.**  Dr. Tice-Harouff argues that the Court should award fees in excess of the CPI-adjusted statutory cap because this case required expertise in administrative law and "insurance coverage regulations."  Docket No. 40 at 11.  Citing this expertise, she seeks market-rate hourly fees ranging from $772 to $980 per hour for the three attorneys who worked on her case.  *Id.* at 14.  The Court disagrees.

The Supreme Court has explained that legal expertise may be a special factor justifying higher rates if the requesting party's attorneys "hav[e] some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation."  *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).  Special factors are not to be construed "in a liberal fashion."  *Truckers United for Safety v. Mead*, 329 F.3d 891, 895 (D.C. Cir. 2003).

---

[1]  *Databases, Tables & Calculators by Subject, Series ID: CUURS37ASA0*, U.S. BUREAU OF LAB. STAT., https://data.bls.gov/timeseries/CUURS37ASA0.

[2]  The appropriate 2022 hourly rate adjusted for cost of living is found by subtracting the 1996 March cost-of-living factor, 148.8, from the 2022 annual cost-of-living factor for the agreed CPI, 273.855, totaling a difference of 125.055.  This difference is then divided by 148.8, resulting in a quotient of 0.840, or an 84% increase in the cost of living. Multiplying 1.84 by the original $125 maximum from 28 U.S.C. § 2412(d)(2)(A) yields a product of $230.05.  *See Yearby v. Comm'r, SSA*, 2023 WL 444241, at *2 (E.D. Tex. Jan. 9, 2023) (calculating cost-of-living-adjusted attorneys' fees under the EAJA), *report and recommendation adopted*, 2023 WL 425387 (E.D. Tex. Jan. 25, 2023).

Many courts have held that expertise in administrative law is not a "special factor" for purposes of EAJA awards.  *See, e.g.*, *Asylumworks v. Mayorkas*, 2023 WL 2733722, at *9 (D.D.C. Mar. 31, 2023) (collecting cases); *Caplash v. Nielsen*, 294 F. Supp. 3d 123 (W.D.N.Y. 2018) ("An attorney's knowledge of administrative law, complex class action procedure, and Medicare statutory and regulatory provisions do not, without more, establish the appropriateness of the 'special factor' enhancement."); *Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007) ("This case, although certainly challenging, is typical of most litigation brought under modern administrative statutes.").  Expertise in administrative law is not a special factor because attorneys gain "this expertise from experience, not from the specialized training justifying fee enhancement" in other areas of law.  *F.J. Vollmer Co., Inc. v. Magaw*, 102 F.3d 591, 598 (D.C. Cir. 1996) (holding expertise in administrative law and firearms regulation is not a special factor); *cf. Pierce*, 487 U.S. at 572 (suggesting patent lawyers may qualify for a "special factor" increase in patent proceedings).

Dr. Tice-Harouff also argues the "nearly unique qualifications" of one of her lawyers is a special factor.  Docket No. 40 at 12–13.  Although the qualifications are certainly impressive, Dr. Tice-Harouff has not shown these "qualifications [were] *necessary*" for the resolution of this relatively straightforward case.  *Pierce*, 487 U.S. at 572 (emphasis added).  As discussed above, caselaw overwhelmingly supported Dr. Tice-Harouff's position that the removal of the sentence requiring cost-free coverage for FABM counseling did just that—it removed the requirement for coverage.

Accordingly, this was a relatively simple case. Thus, the Court finds that no special factor warrants an award of fees over the amount of the CPI-adjusted statutory cap.

**(c) Attorneys' fees for travel.** Defendants argue that Dr. Tice-Harouff may recover only half of the CPI-adjusted statutory cap for attorney travel time. Docket No. 48 at 19; *see also In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) ("[I]t is not an abuse of discretion to discount non-working (and even working) travel time"); *Saldivar v. Rodela*, 894 F. Supp. 2d 916, 939 (W.D. Tex. 2012) (awarding attorney fees for travel time at one-half of normal hourly rate). Dr. Tice-Harouff does not argue otherwise.

Accordingly, the Court will award only one half of the CPI-adjusted statutory cap for the 31.5 travel hours incurred by attorney Matthew Bowman.

**(d) Paralegal fees.** Dr. Tice-Harouff also seeks the recovery of fees incurred by two paralegals who worked on her case.[3] Docket No. 40 at 15; Docket No. 40, Ex. 7 at 12–19. She seeks fees in the amount of $247 per hour for each paralegal.

Defendants do not object to the recovery of paralegal fees in their response. However, paralegal fees are subject to the same CPI-adjusted statutory cap as attorneys' fees. *Richlin Sec. Serv. Co.*, 553 U.S. at 588 ("The Government offers no persuasive reason why Congress would have treated paralegal fees any differently [than attorneys' fees]."); *Abusamhadaneh v. Taylor*, 2013 WL 193778, at *18 (E.D.

---

[3] In her motion, Dr. Tice-Harouff requests these fees as "expenses." Docket No. 40 at 15. Paralegal costs, however, are classified as "fees" for EAJA purposes. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) ("And we think EAJA, like § 1988, must be interpreted as using the term 'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor.").

Va. Jan. 17, 2013) (awarding CPI-adjusted fees to paralegals where plaintiff sought paralegal fees in excess of statutory cap); *Advanced Diabetes Treatment Ctrs., LLC v. Sebelius*, 2012 WL 5077155, at *1 (S.D. Fla. Sept. 20, 2012) (same, absent a government objection, where the plaintiff sought fees in excess of the statutory cap), *report and recommendation adopted*, 2012 WL 5062415 (S.D. Fla. Sept. 27, 2012).

Accordingly, the Court awards paralegal fees at the CPI-adjusted statutory rate, $230.05 per hour.

### 3. Fees for Defending the Motion

Finally, Dr. Tice-Harouff seeks attorneys' and paralegal fees incurred in defending her motion for an EAJA award. Docket No. 50 at 1. Defendants do not object. Indeed, courts routinely award such fees. *Henline v. Kijakazi*, 2022 WL 2975326, at *3 (N.D. Tex. July 5, 2022) (citing cases and awarding fees for defending fee application), *report and recommendation adopted*, 2022 WL 2972585 (N.D. Tex. July 27, 2022).

This Court will do likewise.

\* \* \*

In sum, the Court will award attorneys' and paralegal fees at the CPI-adjusted statutory rate. This award includes the fees incurred by Dr. Tice-Harouff in defending her fee motion. The 31.5 hours of travel time, however, will be compensated at one half the CPI-adjusted rate, as provided above. The fee award thus totals $61,227.98, and is calculated as follows:

| Name | Hours[4] | Rate | Total |
|---|---|---|---|
| Bowman | 75 | $ 230.05 | $ 17,253.75 |
| Bowman (Travel) | 31.5 | $ 115.03 | $ 3,623.45 |
| Blake | 119.1 | $ 230.05 | $ 27,398.96 |
| Bangert | 12 | $ 230.05 | $ 2,760.60 |
| Schmidt (Paralegal) | 34.9 | $ 230.05 | $ 8,028.75 |
| Eville (Paralegal) | 2.8 | $ 230.05 | $ 644.14 |
| Southwick (Paralegal) | 6.6 | $ 230.05 | $ 1,518.33 |
| *Total* | | | $ 61,227.98 |

### B. Expenses

Dr. Tice-Harouff seeks recovery of $2,901.32 for expenses incurred by her attorneys. Docket No. 40, Ex. 8 at 6. Because the Court found that Defendants' litigation position was not substantially justified, she may recover these expenses. 28 U.S.C. § 2412(b), (d)(1)(A). Defendants do not argue otherwise. They do, however, take issue with the recovery of two specific expenses: (1) lodging costs and (2) a Wolters Kluwer "2022 Real Rate Report" showing market rates of attorneys. Docket No. 48 at 19.

Defendants contend that the requested amounts for lodging should not exceed the government per diem rates for lodging in this district for 2022. Defendants offer, and the Court has found, no support for this contention. The Court has reviewed the requested lodging expenses, and finds that they are reasonable. *See* Docket No. 40, Ex. 8. Dr. Tice-Harouff, moreover, has already reduced her requested lodging expenses by nearly half. *Id.* at 5 (adjusting lodging expense to $0 for one of the two attorneys who required lodging).

---

[4] The total hours are the sum of the originally requested hours and the time incurred in defending the fee motion. *See* Docket No. 40, Ex. 7; Docket No. 50, Ex. 6.

13

Further, Defendants contend that Dr. Tice-Harouff may not recover the $500 expense for a report she attached to her motion, because the report was "irrelevant, inadequate, and unnecessary." Docket No. 48 at 19; *see also* Docket No. 40, Ex. 9 (report). Having found Dr. Tice-Harouff's attorneys are eligible only for the CPI-adjusted hourly rate, the Court did not consider the Wolters Kluwer report. However, recovery of this expense is not unreasonable here. Dr. Tice-Harouff cited several EAJA cases in which courts found a special factor applied and awarded market rates, as well as cases that used similar reports to calculate market rates. Had the Court found a "special factor" warranted market rates here, the report would have been necessary to justify the requested fees. Although the Court ultimately disagreed with her, Dr. Tice-Harouff made a reasonable request for market rates, and recovering an expense associated with that request is not unreasonable.

Accordingly, the Court finds that Dr. Tice-Harouff is entitled to recover $2,901.32 in expenses.

### C. Costs

Dr. Tice-Harouff requests costs in the amount of $459.36. Docket No. 40 at 1; Docket No. 40, Ex. 10 (bill of costs). Defendants concede that she is entitled to these costs. Docket No. 48 at 1 n.1.

### III. CONCLUSION

For the foregoing reasons, Dr. Tice-Harouff's motion for fees, expenses, and costs (Docket No. 40) is **GRANTED-in-part**. The Court hereby **ORDERS** Defendants to pay Dr. Tice-Harouff $61,227.98 in fees, $2,901.32 in expenses, and $459.36 in costs, for a total award of **$64,588.66**.

So **ORDERED** and **SIGNED** this **25th** day of **July, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE